<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLOBAL STRATEGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HARBOR FREIGHT TRANSPORT CORP.,<br><br>Defendant. | Civil Action No. 14-6354 (ES)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Plaintiff Global Strategies, Inc.'s motion for default judgment as to Defendant Harbor Freight Transport Corp. pursuant to Federal Rule of Civil Procedure 55(b). (D.E. No. 8). The motion is unopposed. Having considered Plaintiff's submissions, the Court hereby GRANTS Plaintiff's motion for default judgment.

**I.      FACTS AND PROCEDURAL HISTORY**

Plaintiff Global Strategies, Inc. is a Massachusetts corporation that designs, imports, markets, distributes, and sells Demobags, which are "a specially designed and manufactured disposal bag intended for use in the construction and home improvement industries." (D.E. No. 1, Complaint ("Compl.") ¶ 1). Defendant Harbor Freight Transport Corp. is a New Jersey corporation "engaged in the handling and storage of freight." (*Id*. ¶ 2).

On June 9, 2012, Plaintiff shipped a container with approximately 150,080 Demobags (the "Product") from its factory in India to the Port of Newark. (*Id*. ¶ 7). On July 12, 2012, Defendant took possession of the Product at the Port of Newark. (*Id*. ¶ 9).

1

In early August of 2012, Plaintiff notified Defendant of its interest in the Product and requested information regarding storage charges. (*Id*. ¶ 10). Defendant submitted two invoices to Plaintiff detailing the fees related to the "handling, storage, and documentation" of the Product. (*Id*. ¶¶ 11-12). The second invoice was issued on October 10, 2012 and included fees through November 5, 2012 totaling $15,410.90. (*Id*. ¶ 12). After receiving the second invoice, Plaintiff began regular communication with Defendant's "employee, agent, or representative" Diane San Martin in an effort to secure release of the Product. (*Id*. ¶ 13).

On October 24, 2012, it became apparent that Super Storm Sandy was approaching New Jersey, so Plaintiff increased its efforts to secure release of the Product, but was unsuccessful. (*Id*. ¶ 14). That same day, Plaintiff requested that Defendant "relocate or otherwise safeguard" the Product if it was not released before Super Storm Sandy struck Defendant's warehouse. (*Id*. ¶ 15). On October 25th and 26th, Plaintiff attempted to reach San Martin to renew its request, but was not successful. (*Id*. ¶ 16).

When Super Storm Sandy made landfall on October 29, 2012, it flooded Defendant's warehouse and damaged the Product. (*Id*. ¶ 18). As a result of the damaged Product, Plaintiff incurred costs to clean the Product, replace the Product, and ship the new Demobags to customers in the United States. (*Id*.).

Plaintiff filed the instant action on October 14, 2014, alleging: negligence (Count One); negligence in bailment (Count Two); and a violation of the Uniform Commercial Code ("UCC") § 7-204 (Count Three). (*See id*. ¶¶ 20-34).

On December 23, 2014, Defendant was served with a copy of the Summons and Complaint. (*See* D.E. No. 5, Summons Returned Executed). On February 4, 2015, Plaintiff requested entry of default against Defendant. (D.E. No. 6). The Clerk of the Court entered default the following day.

(D.E. dated 02/05/2015).  Plaintiff filed the instant motion for default judgment on April 29, 2015.  (D.E. No. 8).  The motion is unopposed.

## II. DISCUSSION

### A. Jurisdiction

"Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010).  The Court has subject matter jurisdiction over the instant case based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  Plaintiff is a Massachusetts corporation, (Compl. ¶ 1), Defendant is a New Jersey corporation, (*id*. ¶ 2), and the amount in controversy, exclusive of interest and costs, exceeds $75,000, (*id*. ¶ 19).  Furthermore, the Court has personal jurisdiction over Defendant pursuant to 28 U.S.C. §1332(c)(1) because its principal place of business is New Jersey.  (*See id*. ¶ 2).  Finally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the current claims occurred in Newark, New Jersey.  (*See id*. ¶¶ 8-18).

### B. Default Judgment

"Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).  A party seeking default judgment is not entitled to relief as a matter of right.  Rather, "the Court may enter a default judgment 'only if the plaintiff's factual allegations establish the right to the requested relief.'" *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012) (quoting *Nautilus Ins. Co. v. Triple C. Const. Inc.*,

3

No. 10-2164, 2011 WL 42889, at *4 (D.N.J. Jan 6. 2011)). In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005).

First, the Court concludes that there is sufficient proof of service. On December 23, 2014, Defendant's Junior Vice President, Steve Liberti, was personally served a copy of the Summons and Complaint. (*See* D.E. No. 5, Summons Returned Executed; *see also* D.E. No. 8, Plaintiff's Request for Entry of Default ¶ 1). Service of process upon Defendant's Junior Vice President was sufficient in accordance with Federal Rule of Civil Procedure 4(h)(1)(B), which governs service of process upon corporations, partnerships, and unincorporated associations.[1] *See* Fed. R. Civ. P. 4(h)(1)(B). Thus, Plaintiff has provided sufficient proof of service.

Second, the Court concludes that Plaintiff sufficiently stated a cause of action for negligence in a bailment relationship. In New Jersey, a property owner (the "bailor") may sue someone in possession of the property (the "bailee") for negligence pursuant to a bailment relationship. *See Lembaga Enterprises, Inc. v. Cace Trucking & Warehouse, Inc.*, 727 A.2d 1026, 1029 (N.J. Super. Ct. App. Div. 1999) ("A bailor may sue a bailee in conversion and/or negligence."). A bailment relationship exists when a bailor gives his property to a bailee "for a purpose, with the express or implied understanding that the property will be returned in at least the same condition after the purpose for which they were given has been fulfilled." *Harbour Cove Marine Servs., Inc. v. Rabinowitz*, No. 02-1695, 2005 WL 1630871, at *4 (D.N.J. July 8, 2005).

---

[1] The Federal Rules of Civil Procedure allow a plaintiff to serve a corporation by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

4

In New Jersey, N.J.S.A. 12A:7-204 describes negligence in the context of bailments relationships, and provides the following:

> A [bailee] is liable for damages for loss of or injury to the goods caused by its failure to exercise care with regard to the goods that a reasonably careful person would exercise under similar circumstances. Unless otherwise agreed, the [bailee] is not liable for damages that could not have been avoided by the exercise of that care.

N.J.S.A. 12A:7-204.

Here, the Court is satisfied that Plaintiff sufficiently stated a cause of action for negligence in a bailment relationship. Plaintiff asserts that "Defendant took possession of the [Product] at Port Newark." (Compl. ¶ 9). Furthermore, Plaintiff asserts that it contacted Defendant in order to "secure release of the container and the Product therein." (*Id.* ¶ 13). Accordingly, Plaintiff has established the creation of a bailment relationship whereby Defendant took possession of Plaintiff's property with the understanding that it would be returned.

Furthermore, Plaintiff alleges that the Product was damaged while in Defendant's control. (*Id.* ¶ 18). Plaintiff asserts that, "[a]s a direct and proximate result of Defendant's refusal to release, relocate or otherwise safe guard the Products" Plaintiff suffered damages, including damage to the Product. (*Id.*). Accordingly, Plaintiff has sufficiently stated a cause of action for negligence in a bailment relationship.

Third, the Court determines that default judgment is proper. To determine whether granting default judgment is proper, the Court must make factual findings as to: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008); *see also Chamberlain v. Giampapa,* 210 F.3d 154, 164 (3d Cir. 2000). Here, Defendant failed to proffer a meritorious

defense in response to Plaintiff's claims. Moreover, the alleged facts do not indicate the existence of a meritorious defense. *See Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008). Furthermore, Plaintiff will be prejudiced if default judgment is not granted. Plaintiff incurred replacement, transportation, and cleanup costs for the damaged Product, and Plaintiff has failed to recover these costs. In fact, if a default judgment is not entered, Plaintiff will continue to be harmed "because [it] will not be able to seek damages for [its] injuries due to defendant's continuing refusal" to participate in this case. *Ramada*, 2012 WL 924385, at *5 (citing *Newman v. Axiom Worldwide*, No. 06-5564, 2010 WL 2265227, at *5 (D.N.J. June 2, 2010)). Lastly, Defendant's delay is due to culpable conduct because a copy of the Summons and Complaint was served upon Defendant and it has failed to respond to or defend against Plaintiff's claims. Thus, the Court concludes default judgment is proper as to Count Two of the Complaint.[2]

### C. Damages

For the purposes of default judgment, a court does not accept as true allegations pertaining to the amount of damages. *See DIRECTV, Inc.*, 431 F.3d at 165; *Mapssy Int'l, Inc. v. Hudson Valley Trading Inc.*, No. 08-3037, 2012 WL 4889229, at *2 (D.N.J. Oct. 11, 2012). Rather, a court may employ various methods to determine the amount of damages due. *Mapssy Int'l, Inc.*, 2012 WL 4889229, at *2.

---

[2] Because the Court has concluded that Plaintiff has sufficiently stated a cause of action for Count Two, the Court need not address Counts One or Three. All three counts seek "judgment against Defendant in an amount to be determined at trial." (Compl. ¶¶ 24, 28, 34). Plaintiff asserts that it has suffered $125,689.55 in damages "as a direct and proximate result of Defendant's conduct." (D.E. No. 8-1, Certification in Support of Plaintiff's Request for Default Judgment Pursuant to F.R.C.P. 55(b)(1) ("Pl. Cert.") ¶¶ 7, 8). Plaintiff's calculation does not assess damages pursuant to the individual counts. Accordingly, the Court is satisfied that Plaintiff's claim for Count Two is sufficient to establish the damages Plaintiff demands, subject to the Court's determination of the requested amount.

Plaintiff alleges that it suffered damages in the amount of $125,689.55. (Pl. Cert. ¶ 8). According to Plaintiff, it suffered $100,689.55 for the following: replacement costs in the amount of $59,466.00, based on the fair market value of the Product, (Pl. Cert. ¶ 7a, Exs. A, B); cleanup costs in the amount of $32,880.55, (Pl. Cert. ¶ 7b, Ex. C); and costs for transporting the replacement Demobags in the amount of $8,343.000; (Pl. Cert. ¶ 7c, Ex. D). Based on the documentation submitted, the Court concludes that Plaintiff has established a basis for damages in the amount of $100,689.55.

Plaintiff also alleges that it suffered reputation damages in the amount of $25,000. (Pl. Cert. ¶ 7d). However, Plaintiff has failed to provide any support for this allegation. As such, the Court declines to award Plaintiff reputation damages. Accordingly, the total amount of damages entered against Defendant shall be $100,689.55.

### III. CONCLUSION

For reasons stated above, the Court grants Plaintiff's motion for default judgment against Defendant. An appropriate Order accompanies this Opinion.

s/*Esther Salas*
**Esther Salas, U.S.D.J.**
